# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **PRO DRIVE OUTBOARDS, LLC**<br>Plaintiff | Case No.   6:18-cv-01241 |
| VS. | Judge   MICHAEL J. JUNEAU |
| **CRUZANI, INC. F/K/A US HIGHLAND, INC., ET AL**<br>Defendant | Magistrate Judge   CAROL B. WHITEHURST |
| | **JURY TRIAL REQUESTED** |

**MEMORANDUM IN SUPPORT OF DEFENDANT US HIGHLAND, INC.'S 12(B)(6) MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, U.S. Highland, Inc. (hereafter referred to as "Highland") respectfully moves this Court to dismiss Plaintiff Pro-Drive Outboards, LLC ("Pro-Drive") Original Complaint (the "Complaint") for failure to state a claim upon which relief can be granted.

## I.
### SUMMARY OF ARGUMENT

Pro-Drive's claims are barred by the applicable statute of limitations.

Under Louisiana's choice-of-law rules, Oklahoma substantive law applies because the contract contains a choice of law provision requiring application of Oklahoma law. All of Pro-Drive's claims are barred by Oklahoma law. The maintenance of the action in Louisiana is not warranted by the policies of Louisiana and its relationship to the parties or the dispute, nor any compelling reasons of remedial justice. Pro-Drive's Original Complaint should be dismissed in its entirety.

1

## II.
### AUTHORITY & ARGUMENT

### A. Statute of Limitations

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). A statute of limitations defense may be properly asserted in a 12(b)(6) motion. *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137 (5th Cir., 2007) (*citing Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

For diversity claims, the law of the forum state governs choice of law questions. *Energy Coal v. CITGO Petroleum Corp.*, 835 F.3d 457, 459 (5th Cir. 2016)(*cited for this proposition by Ezell v. Payne*, CIVIL ACTION NO.16-1166, REPORT AND RECOMMENDATION, at *22 (W.D. La., Jan 31, 2017). Under Louisiana law, it is well established that where parties stipulate the state law governing a contract, Louisiana's conflict of law principals require that stipulation to be given effect, unless there is statutory or jurisdictional law to the contrary or public policy considerations justify the refusal to honor the contract as written. *Barnett v. Am. Constr. Hoist, Inc.*, 91 So.3d 345, 349 (La. App., 2012). Louisiana Civil Code article 3540 states that, except for issues of form and capacity, a choice of law provision will, in most circumstances, conclusively determine the law to be applied to a contract dispute. LA. CIV. CODE ART. 3540; *see also NorAm Drilling Co. v. E & PCO Int'l, LLC*, 48-591, p. 6 (La. App. 2 Cir. 2013); 131 So. 3d 926, 929(*cited by Energy Coal, S.p.A. v. Citgo Petroleum Corp.*, NO. 2:14-CV-03092, MEMORANDUM RULING at *5 (W.D. La., Aug. 31, 2015).

Louisiana law provides that, when the substantive law of another state would be applicable to the merits of an action brought in Louisiana, the prescription and preemption law of Louisiana applies, **_except_** in situations where the action is not barred under the laws of Louisiana but the action would be barred in the state whose law is applicable to the merits, and maintenance of the

action in Louisiana is not warranted by the policies of Louisiana and its relationship to the parties or the dispute nor any compelling reasons of remedial justice. *See* LA. CIV. CODE ART. 3549(emphasis added); *see also Ezell*, CIVIL ACTION NO.16-1166 at *22. The authors of Article 3459 intended compelling reasons of remedial justice to be used in only the most extraordinary of circumstances. *Brown v. Slenker*, 220 F.3d 411, 420 (5th Cir., 2000)(*quoting Landry v. Ford Motor Company*, 1996 WL 661052, at *3 (E.D. La. Nov. 12, 1996)).

In the present matter, the Exclusive Distribution Agreement ("Agreement") [1] that forms the basis of the present dispute contains the following provision:

> 5. <u>Governing Law: Venue: Arbitration</u>. **This agreement shall be governed by, and construed in accordance with, the substantive laws of the State of Oklahoma**. Actions and proceedings litigated in connection with this Agreement, if any, shall be conducted exclusively in the state and federal courts located in the State of Oklahoma. (Emphasis added).

Because the parties stipulated that Oklahoma law would govern the Agreement, Louisiana's conflict of law principals require that the parties' stipulation to be given effect; Louisiana Civil Code article 3540 holds that the Agreement's choice-of-law provision conclusively determines that the substantive law of Oklahoma should be applied to the present dispute.

Plaintiff has brought claims for breach of the Agreement and alleged fraud in connection with the Agreement.[2] Under Louisiana law, an action on a contract is governed by the prescriptive period of ten years for personal actions.[3] Contractual fraud and contractual detrimental reliance are also subject to the prescriptive period of ten years.[4] Under Oklahoma law, the statute of limitations for an action for breach of contract must be brought within five

---

[1] *See attached* Exhibit "A", Exclusive Distribution Agreement for Shallow Water Marine Applications.

[2] *See* Plaintiff's Original Complaint, ¶100 – 112.

[3] La. Civ. Code art 3499; *see also First Louisiana Bank v. Morris & Dickson, Co., LLC*, 55 So.3d at 825-26; *Johnson v. Unopened Succession of Alfred Covington, Jr.*, 42,488 (La.App.2d Cir.10/31/07), 969 So.2d 733.

[4] *Patrick v. Dupont*, 2014 CA 0812 at *20, fn.3 (La. App., March 11, 2015)(*citing First Louisiana Bank v. Morris & Dickson, Co., LLC*, 55 So.3d at 825-26).

years if the claim arises upon a written contract.[5] The statute of limitations for fraud is two years.[6]

The Agreement at the center of the present dispute was entered into by the parties on January 12, 2010.[7] According to Plaintiff, the last date that Pro-Drive and Highland had any contact was February 28, 2012;[8] *indeed, in its Original Complaint, Pro-Drive makes no factual allegations at all after February 28, 2012*. Pro-Drive filed its Original Complaint on September 21, 2018. Even assuming (without conceding) the most generous interpretation of Plaintiff's complaints by marking February 28, 2012 as the date that limitations period on Pro-Drive's claims began to run, under Oklahoma law, Pro-Drive's breach of contract claim became time-barred on February 28, 2017, and its fraud claim became time barred on February 28, 2014; Pro-Drive failed to file the present action until September 21, 2018.[9]

Because Pro-Drive's claims would not barred under the laws of Louisiana but would be barred under the laws of Oklahoma, and because Oklahoma substantive law applies, the present matter is subject to the exemption contemplated under LA. CIV. CODE ART. 3549; therefore, Oklahoma's statute of limitations apply, and all of Pro-Drive's complaints are time barred.

Further, maintenance of the action in Louisiana is not warranted by the policies of Louisiana. The Agreement contains a forum selection clause requiring any action related to the Agreement to be filed in the state and federal courts of Oklahoma.[10] Pro-Drive defied the forum selection clause by filing in Louisiana in a blatant instance of forum shopping, undoubtedly to gain the benefits of Louisiana's prescription period. Louisiana public policy disfavors forum

---

[5] 12 OK Stat § 12-95 (2014); *Kirby v. Jean's Plumbing Heat & Air*, 222 P.3d 21, 27, (Okla., 2009).
[6] 12 OK Stat § 12-95 (2014); *Burkes v. Estate of Burkes*, 945 P.2d 481, 484 (Okla., 1997).
[7] Exhibit "A", p. 1.
[8] Original Complaint, ¶ 93.
[9] Again, assuming without conceding the most generous interpretation of the Complaint, Pro-Drive's complaints might have been timely filed on September 21, 2018 under Louisiana's prescriptive period of ten years for personal actions.
[10] *See* Exhibit "A", ¶ 5.

shopping. *See Cottonport Bank v. LSJ*, L.L.C., 212 So.3d 1,5 (La. App., 2017); *see also Fogleman Truck Line, Inc. v. Southern Bulk Carriers, Inc.*, 532 So.2d 226 (La. App., 1988). And, as the Western District of Louisiana has noted in following United States Supreme Court precedent, when a plaintiff has violated a forum-selection clause, the plaintiff's choice of forum merits no weight. *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 580-81 (2013)(*cited by  Burnett v. Arcca Inc*. Civil Action No.. 15-1214, Memorandum Ruling at *14 (W.D. La., March 31, 2016).

 **B.** Fraud and Reasonable Diligence

Under Oklahoma law, fraud is deemed to have been discovered when, in the exercise of reasonable diligence, it could have or should have been discovered. *Horton v. Hamilton*, 2015 OK 6, 345 P.3d 357, 362 (Okla., 2015); *see also Roberson v. PaineWebber*, 998 P.2d 193, 197 (Okla. Civ. App., 1999)(*citing Supreme Court of Oklahoma in  Baker v. Massey*, 569 P.2d 987, 991 (Okla., 1977)). This is similar to the discovery rule under Louisiana law. *See Hospital Service Dist. No. 1 of Jefferson Parish v. Alas*, 657 So.2d 1378, 1383 (La. App., 1995)(" a plaintiff will be deemed to know that which he could have learned from reasonable diligence"); *see also Aegis Ins. Co. v. Delta Fire & Cas. Co*., 99 So.2d 767, 773 (La. App., 1957)(" It must appear from the allegation in the petition that the plaintiff had used due diligence to detect the fraud, and that he could not by the use of reasonable diligence have made the discovery sooner").

In the present matter, Pro-Drive has failed to plead what diligence it exercised to discover the alleged fraud perpetrated by Highland; and it has studiously avoided the question of when, in the exercise of reasonable diligence, it could have or should have discovered the supposed fraud. But, what is apparent from the Complaint is that Pro-Drive alleges that Highland "misled [Pro-

Drive] about [Highland's] *technical and financial ability* to continue the project".[11] Yet, as far back as February 2011, Pro-Drive claims that it was told, *by Highland,* that: 1) Highland "had not been paying rent on the facility that they had been operating in and that [Highland] had been evicted";[12] 2) that Highland "had no money for travel", prompting Pro-Drive to pay hotel expenses for a meeting;[13] and 3) that Highland was "out of business".[14]

Assuming that Pro-Drive's allegations are true, under the Original Complaint, Pro-Drive could have or should have discovered the alleged fraud with the exercise of reasonable diligence in February of 2011, thus initiating the two-year statute on Pro-Drive's fraud claims, which would have become time barred in February of 2013.  And again, even assuming the most generous interpretation of Plaintiff's complaints by marking February 28, 2012 as the date that limitations period on Pro-Drive's fraud claim began to run, Pro-Drive's fraud claim became time barred on February 28, 2014.

## CONCLUSION

PREMISES CONSIDERED, U.S. HIGHLAND, INC., prays that the Court dismiss the Plaintiff's claims because Plaintiff has failed to state a claim upon which relief can be granted. Defendant further prays the Plaintiff take nothing by this lawsuit, and for other and further relief, both special and general, at law or in equity, to which it may show itself justly entitled.

Respectfully Submitted,

**LAW OFFICE OF DICK "DAVE" KNADLER, LLC**

*/s/ Dick "Dave" Knadler*
DICK "DAVE" KNADLER (#27829)
3223 First Street
Mansfield, LA 71052
Telephone: (318) 925-1178

---

[11] Original Complaint, ¶ 97(emphasis added).
[12] *Id*. at ¶ 57.
[13] *Id*. at ¶ 58.
[14] Id. at ¶ 59.

Temporary Facsimile: (318) 872-0083
Email: dknadler@hotmail.com
and

**THE STEIDLEY LAW FIRM**

*/s/ Gage S. Fender*_____
Jeffrey W. Steidley *(Pro Hac Vice Pending)*
Tx. State Bar No. 19126300
Gage S. Fender *(Pro Hac Vice Pending)*
Tx. State Bar No. 24093590
3701 Kirby Drive, Suite 1170
Houston, Texas 77098
Telephone: (713) 523-9595
Facsimile: (713) 523-9578
Jeff@texlaw.us
Gage@texlaw.us

**ATTORNEYS FOR DEFENDANT
CRUZANI, INC. F/K/A US HIGHLAND, INC.**

## CERTICIATE OF SERVICE

      I hereby certify that I have, this 6th day of March, 2019, provided all parties with a copy of the above and foregoing pleading by means of the CM/ECF electronic filing system.

Ryan M Goudelocke
DURIO MCGOFFIN ET AL
P O Box 51308
Lafayette, LA 70505
337-233-0300
Fax: 337-233-0694
Email: ryan@dmsfirm.com


Thomas St Paul Keaty
KEATY LAW FIRM
365 Canal St Ste 2410
New Orleans, LA 70130
504-524-2100
Fax: 504-524-2105
Email: tskeaty@keatypatentfirm.com


William Winfield Stagg
DURIO MCGOFFIN ET AL
P O Box 51308
Lafayette, LA 70505
337-233-0300
Fax: 337-233-0694
Email: bill@dmsfirm.com

                                      */s/ Dick "Dave" Knadler*
                                      DICK "DAVE" KNADLER